# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>               Plaintiff,<br><br>    v.<br><br>DEPUTY ROSAS, et al.,<br><br>               Defendants. | 1:17-cv-01179-DAD-GSA-PC<br><br>**SCREENING ORDER**<br>**(ECF No. 1.)**<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND VIOLATION OF RULE 18, WITH LEAVE TO AMEND**<br><br>**THIRTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT** |

## I. BACKGROUND

William J. Gradford ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On September 1, 2017, Plaintiff filed the Complaint commencing this action, which is now before the court for screening. (ECF No. 1.)

## II. SCREENING REQUIREMENT

The *in forma pauperis* statute provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF COMPLAINT

Plaintiff is presently a state prisoner incarcerated at Mule Creek State Prison in Ione, California, in the custody of the California Department of Corrections and Rehabilitation. The events at issue in the Complaint allegedly occurred at the Stanislaus County Safety Center in Modesto, California, when Plaintiff was detained there as a pretrial detainee in the custody of

the Stanislaus County Sheriff. Plaintiff names as defendants Deputy Rosas, Deputy Meservey, and Deputy Davis (collectively, "Defendants").

A summary of Plaintiff's allegations follows.

**Deputy Rosas**

On June 2, 2017, Plaintiff asked Deputy Rosas to route his inmate request form to Lt. Kirt [not a defendant]. Lt. Kirt had previously asked Plaintiff to send Plaintiff's requests directly to him (Kirt), and not to file grievances. Deputy Rosas lied and told Plaintiff she routed Plaintiff's request form to Sergeant Torres [not a defendant] who, according to Rosas, refused to directly route the request to Lt. Kirt. Deputy Rosas attempted to stop communication between Plaintiff and Lt. Kirt so she and other deputies could continue to abuse and retaliate against Plaintiff without higher-ranking officers knowing. Plaintiff sometimes thought the deputies would kill him. Plaintiff filed a grievance against Deputy Rosas and found out that there was a Deputy Torres, but not a Sergeant Torres, and Deputy Torres did not receive Plaintiff's inmate request from Deputy Rosas. Deputy Rosas put Plaintiff's safety at great risk. Plaintiff alleges that Deputy Rosas retaliated against him because Plaintiff reported misconduct by Deputy Rosas' co-deputies Teixeira and McCarthy [not defendants] and took them to court. Plaintiff believes that Deputy Rosas was suspended. Plaintiff fears that the retaliation by deputies, and maybe third parties, will continue after he is released from prison as Plaintiff heard from Lt. Kirt that Plaintiff's complaints were reported in the newspapers. Captain Ducan [not a defendant] ordered all abuse and retaliation against Plaintiff to stop, but three of the deputies, including Deputy Rosas, continued to abuse Plaintiff afterward. Plaintiff is desperately seeking help to protect his life, safety, and well-being, and has written to approximately 40 government agencies and organizations across the United States while being abused by the deputies over and over again. Because of Deputy Rosas' actions, Plaintiff has suffered great mental anguish and distress.

**Deputy Meservey**

Deputy Meservey retaliated against Plaintiff because Plaintiff reported misconduct by Deputies Teixeira and McCarthy [not defendants] and reported other deputies' abuse against

Plaintiff. Plaintiff filed a previous case against Deputy Meservey in the U.S. District Court, Fresno Division, for retaliation against Plaintiff and for placing Plaintiff's safety at risk. Deputy Meservey placed Plaintiff's life in danger by giving another inmate Plaintiff's returned documents to give back to Plaintiff. Deputy Meservey is fully aware of Plaintiff's many complaints and other very important information Plaintiff was writing back and forth to high-ranking officers. Deputy Meservey also attempted to cover up for Deputy Rosas by altering a grievance. Because of Deputy Meservey's actions, Plaintiff fears for his safety, life, and well-being, and suffers from great mental anguish, mental stress, and physical stress.

**Deputy Davis**

On June 10, 2017, Deputy Davis opened and read Plaintiff's legal incoming mail from the Board of State Community Corrections, out of Plaintiff's presence and without Plaintiff's permission. Deputy Davis was fully aware not to do so because of an email from a higher-ranking officer. Deputy Davis was prejudiced against Plaintiff by other deputies, and once Davis heard about Plaintiff reporting against other deputies, his demeanor towards Plaintiff changed. Because of Deputy Davis' actions, Plaintiff suffers from mental anguish and great stress.

**Relief Requested**

Plaintiff requests monetary damages as relief.

IV. **PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los

4

Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Rights of Pretrial Detainees

Plaintiff was a pretrial detainee at the time of the events at issue. "[P]retrial detainees . . . possess greater constitutional rights than prisoners." Stone v. City of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992); see also Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987). A pretrial detainee's right to be free from punishment is grounded in the Due Process Clause, but courts borrow from Eighth Amendment jurisprudence when analyzing the rights of pretrial detainees. See Pierce v. Cnty. of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008); Lolli v. Cnty. of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003); Or. Advocacy Ctr. v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003); Gibson v. Cnty. of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998); Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996); Anderson v. Cnty. of Kern, 45 F.3d 1310, 1312-13 (9th Cir. 1995); Maddox v. City

of Los Angeles, 792 F.2d 1408, 1414-15 (9th Cir. 1986). For example, where the pretrial detainee is claiming that prison officials are liable for a breach of the duty to protect the detainee from attack by other inmates and detainees, the court should utilize Eighth Amendment standards. See Redman v. Cnty. of San Diego, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc); see also Pierce, 526 F.3d at 1209-13 (explaining that detainees in administrative segregation are entitled under the First and Eighth Amendments to ongoing participation in religious activities and adequate opportunities for exercise); Johnson v. Meltzer, 134 F.3d 1393, 1398 (9th Cir. 1998) (stating that Eighth Amendment establishes minimum standard of medical care for pretrial detainees).

Unless there is evidence of intent to punish, then those conditions or restrictions that are reasonably related to legitimate penological objectives do not violate pretrial detainees' right to be free from punishment. See Block v. Rutherford, 468 U.S. 576, 584 (1984) (citing Bell v. Wolfish, 441 U.S. 520, 538-39 (1979)); Pierce, 526 F.3d at 1205; Demery v. Arpaio, 378 F.3d 1020, 1028-29 (9th Cir. 2004) (holding that streaming live images of pretrial detainees to internet users around the world through the use of world-wide web cameras was not reasonably related to a non-punitive purpose, and thus, violated the Fourteenth Amendment); Simmons v. Sacramento Cnty. Super. Ct., 318 F.3d 1156, 1160-61 (9th Cir. 2003); Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002); White v. Roper, 901 F.2d 1501, 1504 (9th Cir. 1990); see also Florence v. Board of Chosen Freeholders of Cnty. of Burlington, 132 S. Ct. 1510, 1515-16 (2012). Order and security are legitimate penological interests. See White, 901 F.2d at 1504.

### B. Rule 18(a) of the Federal Rules of Civil Procedure

Plaintiff alleges multiple claims in the Complaint that are largely unrelated. Plaintiff may not proceed in one action on a myriad of unrelated claims against different staff members. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.

Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff alleges (1) a retaliation claim against defendant Rosas, (2) a retaliation claim against defendant Meservey, and (3) a mail interference claim against defendant Davis. These three claims arise out of separate transactions or occurrences and against different defendants. Thus, Plaintiff is barred from bringing these claims together in one lawsuit. Plaintiff's retaliation claims are not related simply because they arise from retaliatory acts by different defendants. A claim against one defendant should not be joined with an unrelated claim against a different defendant. Plaintiff shall be granted leave to file an amended complaint that complies with Rule 18(a). In amending, Plaintiff should determine which related claims he wishes to pursue and re-allege those claims only. If Plaintiff's amended complaint also violates Rule 18(a) despite this admonition, the court will decide which claims shall proceed.

### C. **Conditions of Confinement – Eighth Amendment Jurisprudence[1]**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth

---

[1] As discussed above, a pretrial detainee's right to be free from punishment is grounded in the Due Process Clause, but courts borrow from Eighth Amendment jurisprudence when analyzing the rights of pretrial detainees.

7

Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346. Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost, 152 F.3d at 1128. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer, 511 U.S. at 834. "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson, 217 F.3d at 731. Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731. Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

Plaintiff alleges that defendant, Deputy Rosas, lied to him, attempted to stop communication between Plaintiff and Lt. Kirt, abused Plaintiff, and placed Plaintiff's safety at great risk. These conclusory allegations fail to state a conditions of confinement claim. As discussed above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 556 U.S. at 678. Plaintiff fails to allege facts showing what defendant Rosas did to abuse him and how his safety was at great risk. None of Plaintiff's allegations demonstrate that defendant Rosas was aware of a substantial risk of serious harm to Plaintiff and yet failed to reduce the risk or otherwise act reasonably, causing injury to Plaintiff. Therefore, Plaintiff fails to state a conditions of confinement claim against Defendant Rosas.

Plaintiff alleges that Deputy Meservey placed Plaintiff's life in danger by giving another inmate Plaintiff's returned documents, to give back to Plaintiff. These allegations are not sufficient to state a claim against Deputy Meservey. Plaintiff has not explained how his life was in danger because of Deputy Meservey's actions, nor has he demonstrated that Deputy Meservey knew that Plaintiff was at substantial risk of harm and yet deliberately disregarded the risk, causing Plaintiff harm. Therefore, Plaintiff fails to state a conditions of confinement claim against Defendant Meservey.

### D. Mail Interference

Plaintiff brings a claim alleging that his incoming mail rights were violated. Prisoners have "a First Amendment right to send and receive mail," Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam), and pretrial detainees have a First Amendment right to have their properly marked legal mail, including civil mail, opened in their presence, see Hayes, 849 F.3d at 1210. Nevertheless, correctional institutions and jails have a legitimate government interest in imposing certain restraints on inmate or detainee correspondence to maintain order and security. See Procunier v. Martinez, 416 U.S. 396, 413 (1974), overturned on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). For example, inmates and detainees may have their mail screened to ensure that there is no contraband inside. Mangiaracina, 849 F.3d at 1195.

In two recent decisions, the Ninth Circuit clarified the circumstances under which a plaintiff properly alleges a legal mail interference claim under the First and Sixth Amendments. See Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1210 (9th Cir. 2017) (prisoners have a First Amendment right to have their properly marked legal mail, including civil mail, opened in their presence); Mangiaracina v. Penzone, 849 F.3d 1191, 1196-97 (9th Cir. 2017) (Sixth Amendment requires a pretrial detainee be present when legal mail related to a criminal matter is inspected; even a single incident of improper reading of a pretrial detainee's mail may give rise to a constitutional violation).

In this case, Plaintiff alleges that defendant Deputy Davis opened and read Plaintiff's incoming legal mail from the Board of State Community Corrections, out of Plaintiff's presence and without Plaintiff's permission. First, Plaintiff has not plausibly alleged that the item opened outside his presence was legal mail. Not every piece of mail from a government entity is legal mail. Hayes, 849 F.3d 1204 (Mail from the courts, as contrasted to mail from prisoner's lawyer, is not "legal mail," and thus may be opened by prison employees outside prisoner's presence without violating the plaintiff's First Amendment rights). Second, Plaintiff has not alleged that this incident was more than an isolated incident of mail interference or tampering, which will not support a claim under section 1983 for violation of plaintiff's constitutional rights. See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990). Further, the mere fact that prison officials open and conduct a visual inspection of a prisoner's legal correspondence, which may be the case here, does not support a claim for violation of a prisoner's constitutional rights. See Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Mitchell v. Dupnick, 75 F.3d 517, 523 (9th Cir. 1996). Finally, Plaintiff is advised that Deputy Davis's violation of prison rules, without more, does not support a § 1983 claim.[2]

---

[2] Violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273,

Accordingly, Plaintiff fails to state a cognizable claim against defendant Davis for interfering with his incoming mail. Plaintiff shall be granted leave to file an amended complaint addressing the deficiencies in this claim found by the court.

///

**E.    Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech, or to petition the government, may support a 1983 claim. Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).

As discussed by the Ninth Circuit in Watison v. Carter:

> "A retaliation claim has five elements. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). First, the plaintiff must allege that the retaliated-against conduct is protected. The filing of an inmate grievance is protected conduct. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).
>
> Second, the plaintiff must claim the defendant took adverse action against the plaintiff. Id. at 567. The adverse action need not be an independent constitutional violation. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). "[T]he mere *threat* of harm can be an adverse action...." Brodheim, 584 F.3d at 1270.
>
> Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. See Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Murphy v. Lane, 833 F.2d 106, 108–09 (7th Cir. 1987).
>
> Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Robinson, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Robinson, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. Id. at 569.
>
> Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985). A plaintiff successfully pleads

---

279 (2002). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

11

> this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, id., or that they were "unnecessary to the maintenance of order in the institution," Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.1984)."

Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012). The court must "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (9th Cir. 1995) (quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)). The burden is on Plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." Pratt, 65 F.3d at 808.

### Deputy Rosas

Plaintiff alleges that defendant Deputy Rosas retaliated against him by failing to route Plaintiff's inmate request form to Lt. Kirt, and then lying about it because Plaintiff reported misconduct by deputies Teixeira and McCarthy and filed cases against them in court. Plaintiff alleges that after the retaliation he filed a grievance against Deputy Rosas for her retaliatory misconduct.

Plaintiff has sufficiently alleged that he participated in protected conduct when he filed cases against deputies Teixeira and McCarthy in court and filed a grievance against Deputy Rosas. Therefore, Plaintiff has satisfied the first element of a retaliation claim.

As for the second element, whether Deputy Rosas took an adverse action against Plaintiff, this element is satisfied because failing to route Plaintiff's inmate request form to Lt. Kirt, and falsely reporting to Plaintiff that she had done so, constitutes an adverse action.

However, Plaintiff has not alleged facts showing that defendant Rosas acted against him *because* he filed court cases against deputies Teixeira and McCarthy, or *because* Plaintiff filed a grievance against defendant Rosas. To state a claim for retaliation, Plaintiff must allege facts "show[ing] that his protected conduct was the 'substantial' or 'motivating' factor behind the defendant's conduct." Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009) (internal quotation marks and citation omitted). To raise a triable issue as to motive, a plaintiff must offer "either direct evidence of retaliatory motive or at least one of three general types of

circumstantial evidence [of motive]." McCollum v. Cal. Dep't of Corr. and Rehab., 647 F.3d 870, 882 (9th Cir. 2011) (citation and quotation marks omitted). Circumstantial evidence of motive may include: "(1) proximity in time between protected speech and the alleged retaliation; (2) [that] the [defendant] expressed opposition to the speech; [or] (3) other evidence that the reasons proffered by the [defendant] for the adverse . . . action were false and pretextual." Id. (internal citation and quotation marks omitted).

///

Here, Plaintiff alleges that Defendant Rosas retaliated against him because Plaintiff filed court cases against Deputies Teixeira and McCarthy. Plaintiff has not shown the requisite connection between his protected conduct and Deputy Rosas' retaliation.[3] Plaintiff's filing of a grievance against Deputy Rosas could not have been Deputy Rosas' motive for the retaliation because Plaintiff did not file the grievance until *after* the retaliation. Accordingly, Plaintiff fails to satisfy the third element of a retaliation claim.

Therefore, Plaintiff fails to state a cognizable claim for retaliation against defendant Rosas.

**Deputy Meservey**

Plaintiff alleges that Deputy Meservey retaliated against him by placing his life in danger because Plaintiff reported misconduct by Deputies Teixeira and McCarthy, reported about other deputies' abuse against Plaintiff, and filed a court case against Deputy Meservey.

Plaintiff has sufficiently alleged that he participated in protected conduct when he filed court cases against deputies Teixeira, McCarthy, and Meservey. Therefore, Plaintiff has satisfied the first element of a retaliation claim.

Plaintiff may be able to satisfy the second element of a retaliation action because placing Plaintiff's life in danger constitutes an adverse action. However, Plaintiff must allege facts demonstrating what Deputy Meservey did that actually placed Plaintiff's life in danger.

---

[3] See discussion in Hendrix v. Nevada about what constitutes protected conduct in stating a retaliation claim. Hendrix v. Nevada, No. 3:15-CV-00155-MMD-WGC, 2017 WL 9732574, at *6, 10-11, 16-17, 22 (D. Nev. Nov. 17, 2017), report and recommendation adopted, No. 3:15-CV-00155-MMD-WGC, 2018 WL 1135708 (D. Nev. Mar. 2, 2018).

Plaintiff has not alleged facts showing that defendant Meservey acted against him *because* he filed court cases against Deputies Teixeira, McCarthy, or Meservey. Plaintiff has not shown the requisite connection between his protected conduct and Deputy Meservey's retaliation. As discussed above, to raise a triable issue as to motive a plaintiff must offer "either direct evidence of retaliatory motive or at least one of three general types of circumstantial evidence [of motive]." McCollum, 647 F.3d at 882. Plaintiff has not done so. Accordingly, Plaintiff fails to state a cognizable claim for retaliation against defendant Meservey.

### F. <u>Cover-up</u>

Plaintiff alleges that defendants Rosas and Meservey participated in a cover-up of defendant Rosas' misconduct when defendant Rosas lied about routing Plaintiff's inmate request form, and when defendant Meservey altered a grievance to cover up for defendant Rosas.

This claim is premature. Allegations that officials engaged in a cover-up state a constitutional claim only if the cover-up deprived a plaintiff of his right of access to courts by causing him to fail to obtain redress for the constitutional violation that was the subject of the cover-up. Dell v. Espinoza, No. 116CV1769MJSPC, 2017 WL 531893, at *6–7 (E.D. Cal. Feb. 7, 2017) (citing see Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 625 (9th Cir. 1988) (cover-up "allegations may state a federally cognizable claim provided that defendants' actions can be causally connected to a failure to succeed in the present lawsuit.")); Rose v. City of Los Angeles, 814 F. Supp. 878, 881 (C.D. Cal. 1993).

A cover-up claim is premature when, as here, Plaintiff's action seeking redress for the underlying constitutional violations remains pending. See Karim-Panahi, 839 F.2d at 625 (claim alleging police cover-up of misconduct was premature when action challenging misconduct was pending); Rose, 814 F. Supp. at 881 ("Because the ultimate resolution of the present suit remains in doubt, [p]laintiff's cover-up claim is not ripe for judicial consideration."). Therefore, Plaintiff's cover-up claim fails at this stage of the proceedings.

### G. <u>Damages Claim for Mental Distress</u>

Plaintiff alleges that as a result of Defendants' conduct he fears for his safety, life, and well-being, and suffers from great mental anguish, mental stress, and physical stress. Plaintiff seeks only monetary damages as relief in this case.

Plaintiff is advised that the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) ) (back and leg pain and canker sore *de minimis*); see also Pierce, 526 F.3d at 1211-13 (bladder infections and bed sores, which pose significant pain and health risks to paraplegics such as the plaintiff, were not *de minimis*). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. Id. at 630. Therefore, Plaintiff is not entitled to monetary damages in this case for emotional distress unless he also shows a physical injury.

## V. CONCLUSION AND ORDER

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims against any of the Defendants. The court also finds that Plaintiff's Complaint violates Rule 18. Therefore, the Complaint shall be dismissed for failure to state a claim and violation of Rule 18, with leave to file an amended complaint within thirty days.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." The court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550

U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues. Plaintiff should also note that he has not been granted leave to add allegations of events occurring after the initiation of this suit on September 1, 2017.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Complaint, filed on September 1, 2017, is DISMISSED for failure to state a claim upon which relief may be granted under § 1983 and for violation of Rule 18, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a First Amended Complaint curing the deficiencies identified in this order;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:17-cv-01179-DAD-GSA-PC; and
5. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **August 6, 2018**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE