# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>                Plaintiff,<br><br>     v.<br><br>DEPUTY ROSAS, et al.,<br><br>                Defendants. | 1:17-cv-01179-DAD-GSA-PC<br><br>**ORDER RE PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL**<br>**(ECF No. 10.)**<br><br>**ORDER DIRECTING CLERK TO CLOSE FILE** |

       William J. Gradford ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On September 1, 2017, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

       On August 7, 2018, the court screened the Complaint under 28 U.S.C. § 1915 and issued a screening order, dismissing the Complaint for violation of Rule 18 and failure to state a claim, with leave to amend. (ECF No. 9.) Plaintiff was granted thirty days in which to file a First Amended Complaint. (Id.)

       On August 15, 2008, Plaintiff filed a response to the court's screening order. (ECF No. 10.) Therein, Plaintiff notifies the court that he has no objections to the dismissal of this case

1

because he has stated exactly what happened to him and if he amends the Complaint his allegations would be contrary to the truth. The court construes Plaintiff's notice as a notice of voluntary dismissal under Rule 41.

Plaintiff has a right to voluntarily dismiss this case under Rule 41 of the Federal Rules of Civil Procedure. In <u>Wilson v. City of San Jose</u>, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. <u>Concha v. London</u>, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing <u>Hamilton v. Shearson-Lehman American Express</u>, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. <u>Id.</u> The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. <u>Id.</u>; <u>Pedrina v. Chun</u>, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. <u>Concha</u>, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. <u>Id.</u> (citing <u>McKenzie v. Davenport-Harris Funeral Home</u>, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. <u>Id.</u>

<u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997). No defendant has filed an answer or motion for summary judgment in this case. Therefore, Plaintiff's notice of dismissal is effective, and this case shall be closed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's notice of voluntary dismissal is effective as of the date it was filed;

2. This case is DISMISSED in its entirety without prejudice; and

3. The Clerk of the Court is DIRECTED to close the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated: **August 19, 2018**          **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE